IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANA MARSHEA HARLEY, #208414, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-617-TMH |
| ) | [WO] |
| ) | |
| FRANK ALBRIGHT, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On October 26, 2011, the plaintiff, Dana Marshea Harley, filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), *Federal Rules of Civil Procedure*.  In this document, Harley notices immediate dismissal of this case without prejudice.

Upon review of the file in this case and as the defendant has not filed an answer or motion for summary judgment, the court concludes that this case is due to be dismissed in accordance with the notice of voluntary dismissal filed by the plaintiff.

**II.  DISCUSSION**

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a plaintiff is allowed "to dismiss voluntarily an action without prejudice *without* first seeking leave from the court as long as the defendant has not yet filed either an answer or a motion for summary

judgment, whichever occurs first." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis in original). "It is well established that [this rule] grants a plaintiff an unconditional right to dismiss [her] complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. *Pilot Freight Carriers,* [*Inc. v. Int'l Bhd. of Teamsters*,] 506 F.2d [914,] 916 [(5th Cir. 1975)] ('Rule 41(a)(1) means precisely what it says.'); *Williams* [*v. Ezell*], 531 F.2d [1261,] 1264 [(5th Cir. 1976)] ('The court had no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right.'); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) ('As the plain terms of Rule [41(a)(1)(A)(i)] establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion.'); *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) ('Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court.'). The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court."); *see also Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir. 1996) (holding that a voluntary dismissal "'render[s] the proceedings a nullity and leave[s] the parties as if the

action had never been brought'") (internal quotation marks omitted).[1]

A thorough review of the docket reveals that no answer or motion for summary judgment has been filed by the defendant in this case. Thus, in accordance with the provisions of Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the court concludes this case is subject to immediate dismissal on the plaintiff's voluntary notice of dismissal.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed pursuant to the notice of dismissal filed by the plaintiff on October 26, 2011. It is further

ORDERED that on or before **November 10, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

---

[1] Although no action is required by this court to effectuate dismissal under Rule 41(a)(1)(A)(i), the court deems it appropriate to issue this Recommendation to ensure proper closure of this cause of action.

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of October, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE